

**ORDERED in the Southern District of Florida on July 17, 2026.**

Corali Lopez-Castro

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GRANAIO, LLC

      Debtor.

Case No.: 26-18314-CLC
Chapter 11

_____/

### ORDER GRANTING CITY OF NEW ORLEANS' EMERGENCY MOTION TO CONFIRM INAPPLICABILITY OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(b)(4)

This matter came before the Court for hearing on July 15, 2026, on the City of New Orleans' Emergency Motion to Confirm Inapplicability of Automatic Stay Pursuant to 11 U.S.C. § 362(b)(4) (Dkt. No. 18) (the "Stay Motion") and the Debtor's Emergency Motion for Preliminary Injunction (the "Injunction Motion") filed in a related adversary proceeding, Adv. Case No. 26-1223-CLC[1] (Adv. Dkt. No. 5). Counsel for the parties agree that both motions are part and parcel of each, meaning that the Court must decide the same legal and factual issues for each motion.

---

[1] Docket entries in the adversary proceeding shall be referred to as "Adv. Dkt. No. ___."

The City seeks an order confirming that the automatic stay does not enjoin its code enforcement, demolition, and public-safety abatement activities at the Debtor's property located at 3010 Sandra Drive, New Orleans. The City maintains that its activities constitute the direct exercise of its police and regulatory power and, therefore, are expressly excepted from the automatic stay under § 362(b)(4). It concedes that the creation, enforcement, and perfection of a lien to which it may be entitled to under a state statute remains subject to the automatic stay. Thus, this ruling does not affect such activities (i.e. the activities are subject to the automatic stay). The Court, having reviewed the Stay Motion and the Debtor's Response (Dkt. No. 21), the Debtor's Injunction Motion and the City's Response (Adv. Dkt. No. 14) and the Debtor's Reply (Adv. Dkt. No. 20), and having considered the arguments of counsel, finds as follows:

## **BACKGROUND**

The procedural background of this case is important to the Court's decision. The Debtor owns a group of vacant buildings in New Orleans, Louisiana (the "Property") that it acquired through a sheriff's sale on September 7, 2017.

On August 26, 2019, the City of New Orleans Code Enforcement and Hearings Bureau entered an administrative judgment as to the Property (i) finding seventeen separate code violations, (ii) declaring the property blighted under the City Code, and (iii) ordering demolition. On September 10, 2019, the Debtor appealed the administrative judgment to the Orleans Parish Civil District Court.

On November 15, 2021, the Debtor and the City mediated and agreed to a consent judgment prescribing demolition proceedings. The consent judgment was later signed by the district court on January 6, 2022, and the administrative judgment was dismissed with prejudice. *See* Adv. Dkt. No. 1-2.

2

On or about July 25, 2023, the City inspected the Property and determined it was an imminent danger to the public. Thereafter, on September 17, 2023, a fire caused the Property to further deteriorate, and the Debtor voluntarily demolished what is referred to as building number 10.

On September 21, 2023, the City exercised its emergency authority and posted a notice of emergency demolition at the Property.  On September 29, 2023, in response to the notice of emergency demolition, the Debtor sought a temporary restraining order and injunctive relief from the district court.  In January of 2024, the district court denied injunctive relief and dismissed the case with prejudice. The Debtor appealed.

With the first appeal pending, the Debtor filed a second petition for injunctive relief in the district court which was also dismissed. The Debtor sought supervisory review in the Louisiana Supreme Court, which was denied on May 16, 2024.

The Debtor appealed further and on December 30, 2024, the Court of Appeal of Louisiana, Fourth Circuit affirmed both dismissals.[2] It ruled that:

- the consent judgment did not displace the City's separate emergency authority;

- the City could not waive its right to enforce its demolition authority in favor of one private owner;

- the Debtor failed to seek review within the 48-hour statutory period, which resulted in the City's imminent danger determination becoming final; and

- the district court lacked subject matter jurisdiction to hear an appeal.

On June 24, 2026, the Debtor filed a voluntary chapter 11 petition. Then, on June 30, 2026, the Debtor commenced its adversary proceeding seeking to enjoin the City from entering and

---

[2] *Granaio, LLC v. City of New Orleans*, No. 2024-CA-0438 (La. Ct. App. 4th Cir. Dec. 30, 2024).

demolishing the Property on the basis that the City's actions are not excepted from the automatic stay under § 362(b)(4). The Debtor filed its Injunction Motion on July 8, 2026. The City filed its Stay Motion on July 13, 2026. As noted above, both motions require the Court to consider whether § 362(b)(4) provides an exception to the automatic stay for the City's demolition and abatement activities.

## DISCUSSION

Although the purpose of the automatic stay is to give the debtor a breathing spell from creditors, § 362(b)4) recognizes that the government must be able to uniformly enforce its laws without regard to the debtor's position in bankruptcy court. *Brock v. Rusco Indus.,* 842 F.2d 270, 273 (11th Cir.1988). When a governmental unit is acting in its police and regulatory capacity, it is not the Bankruptcy Court's role to scrutinize the validity of the underlying administrative or enforcement action before applying the exception to the automatic stay. *Bd. of Governors of Fed. Rsrv. Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 41 (1991).

The relevant question, therefore, is whether the City's actions taken against the Property fall within its police and regulatory power. Courts commonly apply two tests to determine whether governmental action falls within § 362(b)(4): the pecuniary-purpose test and the public-policy test. *Halo Wireless, Inc. v. Alencog Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 588–89 (5th Cir. 2012).

Under the pecuniary purpose test, actions by a governmental unit are excepted from the automatic stay when they are primarily intended to protect public health, safety, and welfare as opposed to advance the government's pecuniary interest in the debtor's property. And, governmental actions remain regulatory even if the result has significant economic consequences for the estate so long as the government's primary objective is to prevent or remedy conditions that

4

threaten public health and safety. *See e.g., Commonwealth Oil Refining Co. v. EPA (In re Commonwealth Oil Refining Co.)*, 805 F.2d 1175, 1186 (5th Cir. 1986) (holding that the automatic stay did not apply to EPA enforcement actions notwithstanding the fact that the debtor would be forced to expend funds to comply).

The public policy test asks whether the governmental unit is effectuating public policy rather than adjudicating private rights. Actions effectuating public policy fall under § 362(b)(4) while actions adjudicating private rights remain stayed. *In re Lubin*, 2023 WL 5775729, *3 (Bankr. M.D. Fla. Aug. 18, 2023) (quoting *In re Wireless, Inc.*, 684 F.3d 581, 588 (5th Cir. 2012)).

Here, the Court finds that the City's demolition and abatement actions satisfy both the pecuniary purpose and public policy tests, notwithstanding any economic impact the City's actions may have on the debtor. After considering the arguments by the Debtor and City and reviewing the Louisiana Revised Statutes, § 33:4766, this ruling clearly does not implicate the creation, perfection, or enforcement of a demolition-related lien which requires certain actions which the City has not taken. Moreover, the Court must give full faith and credit to the orders entered by the Louisiana courts. It is not the Court's job to act as another appellate court. The Debtor's entitlement to an injunction or restraining order has already been litigated in multiple courts in Louisiana and the Court will not allow the Debtor to re-litigate it here.

Accordingly, it is ORDERED that:

1. The City's Motion to Confirm the Inapplicability of Automatic Stay Pursuant to 11 U.S.C. § 362(b)(4) (Dkt. No. 18) is GRANTED.

2. The City's demolition and abatement of the Property is not subject to the automatic stay.

6

3.      The Court will enter an order in the adversary proceeding, consistent with this opinion, denying the Debtor's Injunction Motion.

###

The Clerk's Office is directed to serve a copy of this Order on interested parties.